# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

**Case No: 22-13940**

---

EARLENE McBRIDE,

Appellant/Plaintiff,

vs.

CARNIVAL CORPORATION,

Appellee/Defendant.

---

Appeal from the United States District Court for the
Southern District of Florida
Case No. 1:16-cv-24894-CIV-DPG

## APPELLANT'S REPLY BRIEF

*Counsel for Appellant*

                                          *Of Counsel to*

| | |
|---|---|
| Christopher J. Bailey, Esq. | BILLERA LAW, PLLC |
| CJBailey@Bailey-Consulting.com | 2201 NW Corporate Blvd |
| Florida Bar No.: 42625 | Suite 200 |
| 2700 SW 27th Avenue, Ste. 702 | Boca Raton, FL 33431 |
| Coconut Grove, FL 33133-3058 | Telephone: (561) 500-7777 |
| Phone: (305) 495-8514 | |

# **CERTIFICATE OF INTERESTED PERSONS**

Appellant certifies that, to the best of her knowledge, the following is a complete list of the trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations having an interest in the outcome of the case or appeal:

1. Acuna, Krista Fowler (counsel for Defendant-Appellee).

2. Bailey, Christopher John (counsel for Plaintiff-Appellant).

3. Becerra, Jacqueline (U.S. District Court Magistrate Judge).

4. Billera, John F. (counsel for Plaintiff-Appellant).

5. Billera Law, PLLC (counsel for Plaintiff-Appellant).

6. Carnival Corporation ["CCL"] (Defendant-Appellee).

7. Colangelo-Trenner, Zak (counsel for Appellee).

8. Dono, Michael John (counsel for Appellee).

9. Evans, Mrs. Alicia (interested person).

10. Gayles, Darrin P. (U.S. District Court Judge).

11. Gutwein, Evan Seth (counsel for Defendant-Appellee).

12. Hamilton, Jerry D. (counsel for Defendant-Appellee).

13. Hamilton, Miller & Birthisel LLP (counsel for Defendant-Appellee).

14. King, James Lawrence (U.S. District Court Judge).

15. Madalon, Joseph Charles (counsel for Plaintiff-Appellant).

C-1

16. Madalon Law Firm LLC (counsel for Plaintiff-Appellant).

17. McBride, Earlene (Plaintiff-Appellant).

18. Nautilus Insurance Company (interested entity).

19. Simonton, Andrea M. (U.S. District Court Magistrate Judge)

20. SMS International Shore Operations US, Inc. (interested party).

21. Sullivan, Elisha M. (counsel for Defendant-Appellee).

22. Torres, Edwin G. (U.S. District Court Magistrate Judge).

## **STATEMENT REGARDING ORAL ARGUMENT**

Appellant EARLENE McBRIDE respectfully requests oral argument.

i

# **TABLE OF CONTENTS**

Statement Regarding Oral Argument………………………………………………i

Table of Contents…………………………………………………………………..ii

Table of Citations………………………………………………………………….iii

Argument and Citations to Authority………………………………………………1

    I.    CARNIVAL CONTINUES IN THIS COURT TO ATTEMPT THE SAME RUSE IT EMPLOYED IN THE DISTRICT COURT REGARDING ITS OWN STIPULATION THAT THE VIDEO DEPOSITION OF FRITZ CHARLES COULD BE USED ONLY IF CARNIVAL SATISIFED RULE 32(a)(4)…………………………...1

    II.    THE JURY'S VERDICT WAS INADEQUATE AS A MATTER OF LAW BASED ON THE UNCONTRADICTED EVIDENCE………6

        A. Carnival Waived its First Argument About the Inadequacy of the Verdict by Failing to Raise it Below…..…………………………6

        B. The Evidence was Uncontradicted that Appellant Suffered Pain and Suffering When Fritz Charles Dumped Her Out of the Wheelchair………………………………………………………8

Conclusion………………………………………………………………………..10

Certificate of Compliance………………………………………………………...11

# TABLE OF CITATIONS

**Caselaw**

*Bueno v. USCIS Kendall Field Office*, 809 Fed. Appx. 651 (11th Cir. 2020)………..7

*Rozar v. R. J. Reynolds Tobacco Co.*, 292 So. 3d 1202 (Fla. 1st DCA 2020)……7-8

*Salomon Constr. & Roofing Corp. v. James McHugh Constr. Co.*,

    1:18-CV-21733-UU, 2019 WL 2107283 (S.D. Fla. Mar. 21, 2019)………...3

*United States v. Carter*, 110 F.3d 759 (11th Cir. 1997)……………………………7

*White v. United States*, 8:11-CV-1355-T-33EAJ,

    2013 WL 3422965 (M.D. Fla. July 8, 2013)………………………………..5

*Yeh Ho v. Wells Fargo Bank, N. A.*, Case No. 22-11231,

    2023 WL 3120244 (11th Cir. Apr. 27, 2023)………………………………7

**Rules of Procedure**

26(a)(3)(B)……………………………………………………………………*passim*

## ARGUMENT AND CITATIONS TO AUTHORITY

I. **CARNIVAL CONTINUES IN THIS COURT TO ATTEMPT THE SAME RUSE IT EMPLOYED IN THE DISTRICT COURT REGARDING ITS OWN STIPULATION THAT THE VIDEO DEPOSITION OF FRITZ CHARLES COULD BE USED ONLY IF CARNIVAL SATISIFED RULE 32(a)(4)**

Carnival continues in this Court, as it did below, to simply pretend that it – Carnival itself – had not expressly conditioned the admission of the videotape of the deposition of Charles Fritz upon Carnival's own satisfaction of Rule 32(a)(4):

> MS. ACUNA [Carnival's counsel]: **If he [Fritz] does not appear, Your Honor.** What we have proposed, Your Honor, is that **if the witness, despite good service, does not appear**, that the parties would stipulate using his designated testimony and we have, in fact, already filed those with the Court in the abundance of caution.

[DE 272-1, p. 3] (emphasis added).

Carnival does even acknowledge the existence of this stipulation by its own counsel, on the record. Rather, Carnival points only to Ms. McBride's acknowledgement *of that agreement* as somehow constituting an agreement to dispense with Rule 32 altogether. Carnival's argument is sophistry.

Part of the error on appeal is that the District Court did not even consider the Parties's actual agreement. Instead, the District Court ruled on the basis of its own perception that Ms. McBride had somehow acted inconsistently with that agreement so as to vitiate Carnival's obligation to comply with Rule 32:

1

> MS. ACUNA: They stipulated to the use of the deposition before Judge King. I am happy to take a moment to fine the transcript.
>
> THE COURT: It's not necessary. You will be able to use it. I wouldn't have spent an hour-plus yesterday going through that [the objection conference] if it wasn't pretty clear from the record that the parties had agreed to use the deposition testimony.

[DE 281 at 61-62]. However, as Appellant pointed out in her *Initial Brief*, nothing in that objection conference constituted or implicated a waiver or violation of her rights under the Parties' agreement. Carnival does not even attempt to offer transcript citations to the contrary.

Instead, Carnival first argues at length that Rule 32 need not be satisfied if the Parties stipulate to the contrary. [*Answer Brief* at 15-18]. Appellant has no quarrel with that proposition. It is irrelevant: as stated by Carnival's own counsel, the Parties actually stipulated the opposite - that Rule 32 must be satisfied. The stipulation was that the Fritz Charles video deposition could be played if and only if he was properly subpoenaed and failed to appear at trial. ***To that end***, in advance of trial the parties agreed to prepare and did in fact prepare page & line designations and objections thereto for the video deposition. ***That was part of the agreement*** - not a waiver of the Rule 32 component of the agreement. Neither the District Court nor Carnival has ever offered any evidence that Appellant acted at any time in contravention of the Parties' actual stipulation.

2

Carnival next takes issue with the timing of Appellant's objection to the introduction of the deposition on the basis of Carnival's *Second Amended Witness List*. [Answer Brief at 18-19]. However, Carnival concedes through its silence that the subject witness list was filed untimely and was therefore a nullity. Moreover, Carnival cannot have it both ways: either the Parties' stipulation governs the case (as Carnival repeatedly argues) without any consequence from the witness list, or it does not in which case the controversy is quite clearly governed by Rule 32(a)(4). Under either scenario the time to object to the deposition was at trial.

Carnival seems to suggest instead, [*Answer Brief* at 18-19], that the fact that trial was subsequently delayed somehow breathed life into that witness list – yet Carnival offers no legal authority whatsoever for that proposition. To the contrary, the only dates changed by the numerous orders continuing trial were the dates of trial and calendar call themselves; none of those orders extended any of the original pre-trial deadlines. [*See* DE 172, 190, 195, 199, 209, 211, 222, 223, 224, 230]. The simple fact is that the time for Appellant to object to use of the deposition was when Carnival failed to make the required showing of a proper subpoena – at trial. "[W]hether a party may offer witness's deposition testimony in lieu of live testimony, **is to be determined as of the time at which the witness is called at trial**." *Salomon Constr. & Roofing Corp. v. James McHugh Constr. Co.*, 1:18-CV-21733-UU, 2019 WL 2107283, at *2 (S.D. Fla. Mar. 21, 2019) (emphasis original).

3

Carnival next objects to Appellant's invocation of Rule 37(c) because Fritz Charles was identified on the Parties' pre-trial stipulation. [*Answer Brief* at 19-20]. However, Carnival once again "conveniently omits" that he was identified as a witness who would testify *live*, not via video deposition. [Doc 122-3, Pl.'s Witness List; Doc 122-4, Def.'s Witness List].

Carnival then argues that the sanctions provision of Rule 37(c) doesn't apply because its failure to timely seek admission of the deposition without satisfying Rule 32(a)(4) was "justified". [*Answer Brief* at 20]. Carnival argues that Appellant's stipulation to use of the video (which, again, required satisfaction of Rule 32(a)(4)) somehow justified Carnival's failure to satisfy Rule 32(a)(4). [Answer Brief at 20]. This argument merely continues Carnival's attempt to deceive the Court into believing that satisfaction of Rule 32 was never part of the parties' stipulation in the first place. Viewed in its actual context, Carnival's argument borders on absurd.

Carnival next argues that Appellant cannot show prejudice because she a) had the opportunity to take discovery of Fritz, by participating in the video deposition and b) had the opportunity to present contradictory evidence. [*Answer Brief* at 20-24]. Carnival misses (or once again ignores) the central harm which Plaintiff suffered: the jury should have been given the opportunity to assess Fritz's credibility. His story was simply fantastic. And here it is crucial to recall that in the end Carnival did not even play the video of his deposition. [DE 281 at 83-94].

4

Rather, it claimed sone kind of "technical difficulties" such that counsel *read* the transcript of the deposition – the jury did not even see the video. [DE 281 at 83-84].

> "In both civil and criminal cases, our common law heritage has always favored the presentation of live testimony...." *United States v. Mathis*, 559 F.2d 294, 299 (5th Cir.1977). The Federal Rules of Civil Procedure likewise display a "decided preference for live testimony in open court." *Hamprecht v. Hamprecht*, No. 2:12–cv–125–FTM–29, 2012 WL 1367534, at *2 (M.D.Fla. Apr.19, 2012) (citing to Rule 43(a), Fed. R. Civ. P .). Indeed, the text of Rule 32 itself references that preference:
>
>> A party may use for any purpose the deposition of a witness, whether or not a party, if the court finds: ... (E) on motion and notice, that exceptional circumstances make it desirable-in the interest of justice and with due regard to the importance of live testimony in open court-to permit the deposition to be used.
>
> Fed.R.Civ.P. 32(a)(4)(E) (emphasis added). "The restrictions imposed by Rule 32 make it clear that the federal rules have not changed the long-established principle that testimony by deposition is less desirable than oral testimony and should ordinarily be used as a substitute only if the witness is not available to testify in person." 8A [Moore's] Fed. Prac. & Proc. Civ. § 2142 (3d ed.).

*White v. United States*, 8:11-CV-1355-T-33EAJ, 2013 WL 3422965, at *2 (M.D. Fla. July 8, 2013). Not even Carnival claims that Ms. McBride had ever stipulated to reading the transcript in lieu of live testimony.

5

The simple fact is that Carnival's counsel stated the Parties' stipulation on the record, which required satisfaction of Rule 32, and then successfully tried to evade her own agreement. Neither Carnival nor the District Court ever demonstrated that Ms. McBride acted inconsistently with that agreement in any way. Yet, the District Court held that by participating in the objection conference without more – a conference specifically contemplated by the Parties' stipulation – Appellant waived compliance with the balance of the Stipulation. That holding was an abuse of discretion and materially harmed Appellant. She is entitled to a new trial.

## II. THE JURY'S VERDICT WAS INADEQUATE AS A MATTER OF LAW BASED ON THE UNCONTRADICTED EVIDENCE.

### A. Carnival Waived its First Argument About the Inadequacy of the Verdict by Failing to Raise it Below.

Carnival first argues that Appellant cannot raise the adequacy of the verdict on appeal because she did not object to the verdict before the jury was discharged. Carnival does not (and cannot) argue that this is a jurisdictional issue, and Carnival failed to raise this argument in the Court below. [*See* DE 272 (Carnival's *Opposition to Plaintiff's Motion for New Trial*)]. The District Court did not consider this argument in denying Appellant's motion for new trial; rather, it ruled on the grounds that "the jury's verdict was consistent with the evidence[.]" [DE 283]. As this issue is not jurisdictional, was not raised below and did not contribute to the District

6

Court's decision, it cannot be raised for the first time on appeal. *Yeh Ho v. Wells Fargo Bank, N. A.*, Case No. 22-11231, 2023 WL 3120244, at *2 (11th Cir. Apr. 27, 2023) ("Likewise, '[t]his Court has repeatedly held that an issue not raised in the district court and raised for the first time in an appeal will not be considered by this [C]ourt.' *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004)") (alteration original).

> We ordinarily refrain from considering issues not raised in the district court and raised for the first time on appeal. *See Blue Martini Kendall, LLC v. Miami Dade Cty. Fla.*, 816 F.3d 1343, 1349 (11th Cir. 2016) (citing *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004)). [***] Perhaps the best indicator that Ms. Bueno's deference argument was not properly raised below is that the district court did not acknowledge or address it. *See United States v. Reyes Vasquez*, 905 F.2d 1497, 1500 (11th Cir. 1990) (noting, in a criminal case, that "[i]f [a litigant's] point is so obscurely hinted at that the trial court quite excusably may fail to grasp it, it will avail naught to disturb the judgment on appeal.").

*Bueno v. USCIS Kendall Field Office*, 809 Fed. Appx. 651, 655–56 (11th Cir. 2020).

This rule applies to equally to arguments newly raised by appellees as to those newly raised by appellants. *United States v. Carter*, 110 F.3d 759, 761 (11th Cir. 1997) ("The government [appellee] failed to raise its procedural-default argument below, and thus the issue is waived for purposes of appeal. *Hansen v. United States,* 956 F.2d 245, 247 (11th Cir.1992)"). Thus, Carnival has waived any objection to the timing of Appellant's assertion that the verdict was legally inadequate.

7

## B. The Evidence was Uncontradicted that Appellant Suffered Pain and Suffering When Fritz Charles Dumped Her Out of the Wheelchair.

Carnival argues next that there was conflicting evidence about whether Appellant suffered pain and suffering at the time Fritz Charles dumped her out of the wheelchair, such that the jury's verdict cannot be disturbed. [*Answer Brief* at 26-33]. Notably Carnival does not cite any such evidence; rather, it only addresses evidence concerning Appellant's long-term complaints of suffering from permanent injuries. The evidence which Carnival cites is irrelevant to the question of what Plaintiff suffered as an *immediate* result of Carnival's negligence.

*All* of the witnesses testified without contradiction that Ms. McBride's fall was both terrifying and painful. She testified:

> A. And when he was running, that's when I noticed it because we were going so fast. By the time I saw that, he hit it, I came to a dead stop and I flew. It was the scariest moment of my life. I flew and then I fell, and when I fell I fell like crushed down on both of my knees. And then I went down on my shoulder and it was just -- it was a lot. It was a lot. It was very -- it was very -- it was a lot. It's even hard to explain today. When I think about it, it still frightens me. As a matter of fact, I still have fears. You are not going to -- just hitting that thing, that one day for that one moment has had such a major impact in my life, and as I lost control and I was -- it felt like I was flying. It felt like it took a long time for me to land and then finally I crashed down and I was there. And all I remember was Alicia standing there and just looking at me in shock and asking me was I okay.
>
> Q. What did you feel when you feel?

8

> A.   A piercing pain, a piercing pain, just the impact of just slamming down, it was a pain that shook me. It just shook me. It was very, very intense.
>
> Q.   Where did you have pain?
>
> A.   It was in my knees, in my hip, my back, my shoulders. It felt like it was everywhere all at once. []

[DE 280 at 17, 47-48]. *Compare* [DE 280 at 17] (testimony of eyewitness Alicia Evans). Most importantly, the fall was so severe according Carnival's own witness – Fritz Charles himself – that he immediately checked for blood while other personnel on the scene immediately called an ambulance. [DE 281 at 93, 94, 97, 98]. Carnival's own expert conceded that Appellant was taken to Jackson Hospital in Miami by stretcher complaining of bilateral knee and hip pain, back pain and shoulder pain. [DE 281 at 136-37].

There was no testimony of any kind indicating that Plaintiff was not in pain as an immediate result of the fall, and Carnival admitted 100% liability for that fall. Ms. McBride was therefore entitled to compensatory damages for that pain and suffering and the verdict is inadequate as a matter of law.

> [T]he evidence must support a jury's zero-dollar award for it to stand. And where "the evidence is undisputed or substantially undisputed that a plaintiff has experienced… pain and suffering as a result of an accident, a zero award for pain and suffering is inadequate as a matter of law." *Ellender v. Bricker*, 967 So. 2d 1088, 1093 (Fla. 2d DCA 2007) (quoting *Dolphin Cruise Line, Inc. v. Stassinopoulos*, 731 So. 2d 708, 710 (Fla. 3d DCA 1999)).

***

> We thus reverse and remand the order denying the motion for additur or new trial as to the past pain and suffering award.

*Rozar v. R. J. Reynolds Tobacco Co.*, 292 So. 3d 1202, 1207 (Fla. 1st DCA 2020).

## CONCLUSION

WHEREFORE, Appellant/Plaintiff EARLENE McBRIDE respectfully requests this Court to reverse the order denying her motion for new trial and to remand for a new trial.

Respectfully submitted,

By:   *Christopher J. Bailey*

Christopher J. Bailey
Florida Bar No.:   42625
2700 SW 27th Avenue, Ste. 702
Coconut Grove, FL 33133-3058
Phone:  305-495-8514
Email:  cjbailey@bailey-consulting.com

*of Counsel to*

BILLERA LAW, PLLC
*Attorneys for Plaintiff/Appellant*
2201 NW Corporate Blvd., Suite 200
Boca Raton, FL 33431
Telephone: (561) 500-7777

## **CERTIFICATE OF COMPLIANCE**

I CERTIFY that this document complies with the Federal Rule of Appellate Procedure 32(a)(7)(B) in that it is was prepared using Microsoft Word in a proportionally spaced typeface (Times New Roman, 14-point font) and measures __2,474__ words, excluding the parts of the document exempted by Fed. R. App. P. 32(f).